**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GEORGE E. BORDENAVE, JR.** | **CIV. A. NO. 18-00637** |
| **VERSUS** | **CHIEF JUDGE SHELLY D. DICK** |
| **DELTA AIR LINES, INC.** | **MAG. JUDGE ERIN WILDER-DOOMES** |

## RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Defendant, Delta Air Lines, Inc. ("Defendant" or "Delta"). Plaintiff, George E. Bordenave, Jr. ("Plaintiff" or "Bordenave"), filed an *Opposition*[2] to the motion. Defendant *replied*.[3] For the reasons that follow, Defendant's motion for summary judgment is **GRANTED**.

### I. FACTUAL BACKGROUND

On June 24, 2017, Plaintiff was a passenger on Delta Flight 730 from St. Croix, Virgin Islands, to Atlanta, Georgia, seated in seat 3C.[4] As the airplane was ascending, Plaintiff "reached down" to retrieve an item that he contends had "slid from under the seat of the female passenger seated in seat 2C." At the same time, Plaintiff alleges that the passenger in 2C reclined "her seat causing her seat to strike [him] in the head."[5] As a result, Plaintiff claims that he sustained injuries to his "head, neck, right shoulder and

---

[1] Rec. Doc. No. 19.
[2] Rec. Doc. No. 23.
[3] Rec. Doc. No. 27.
[4] Rec. Doc. No. 1-1, ¶ V. In his original Petition for Damages, Plaintiff alleges that the destination of Flight 730 was New Orleans, Louisiana. While New Orleans, Louisiana, was Plaintiff's ultimate destination, Plaintiff had a connecting flight in Atlanta, Georgia. The destination of Flight 730 was actually Atlanta, Georgia. This is undisputed by both parties. Rec. Doc. No. 19-2, p. 63.
[5] Rec. Doc. No. 1-1, ¶ V.

Document Number: 58748

arm", including difficulty lifting his right arm and using his right hand, constant pain, and difficulty sleeping.[6] Plaintiff asserts claims of negligence adverse to Delta under Louisiana state law for "[f]ailing to ensure that all passengers kept their seat backs in the upright position; [f]ailing to ensure that the seat, 2C function [sic] properly; [f]ailing to maintain equipment within its possession; [and] [f]ailing to ensure that all cargo on the aircraft was properly stored."[7]

Plaintiff filed the instant suit in state court on May 31, 2018.[8] Invoking the Court's diversity jurisdiction, Defendant removed this action to federal court on June 19, 2018.[9]

Delta moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and contends that Plaintiff's claims of negligence should be dismissed because: (1) Plaintiff cannot meet his burden of proving that Delta breached a duty owed to Plaintiff; and (2) Plaintiff cannot prove that the alleged accident was the medical cause of Plaintiff's alleged injuries.[10]

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11] The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary

---

[6] Rec. Doc. No. 19-5, pp. 24-25 (Answer to Interrogatory No. 15).
[7] Rec. Doc. No. 1-1, ¶ VI.
[8] Rec. Doc. No. 1-1.
[9] Rec. Doc. No. 1.
[10] Rec. Doc. No. 19-1, p. 2.
[11] Fed.R.Civ.P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).
Document Number: 58748

judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[12] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[13] If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[14]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[15] The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[16] Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[17] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[18] Unless

---

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). *See also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).
[13] *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (quoting *Celotex,* 477 U.S. at 323-25, 106 S.Ct. at 2552).
[14] *Id.* at 1075.
[15] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).
[16] *Little*, 37 F.3d at 1075; *Wallace*, 80 F.3d at 1047.
[17] *Wallace,* 80 F.3d at 1048 (quoting *Little,* 37 F.3d at 1075). *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).
[18] *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of rehearing,* 70 F.3d 26 (5th Cir. 1995).
Document Number: 58748

there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[19]

    **B.    Negligence**

Plaintiff asserts claims of negligence adverse to Delta under Louisiana state law for "[f]ailing to ensure that all passengers kept their seat backs in the upright position; [f]ailing to ensure that the seat, 2C function [sic] properly; [f]ailing to maintain equipment within its possession; [and] [f]ailing to ensure that all cargo on the aircraft was properly stored."[20] A federal court sitting in diversity applies the substantive law of the forum state.[21] Plaintiff's negligence claims are subject to Louisiana's "duty/risk analysis, which entails five separate elements": (1) whether Defendant had a duty to conform its conduct to a specific standard (the duty element); (2) whether Defendant's conduct failed to conform to the appropriate standard (the breach element); (3) whether Defendant's substandard conduct was a cause-in-fact of Plaintiff's injuries (the cause-in-fact element); (4) whether Defendant's substandard conduct was a legal cause of Plaintiff's injuries (the scope of liability element); and (5) whether Plaintiff was damaged (the damages element).[22] Plaintiff has the burden of proving all elements of his negligence claim by a preponderance of the evidence in order to recover.[23]

---

[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).
[20] Rec. Doc. No. 1-1, ¶ VI.
[21] *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938).
[22] *Hanks v. Entergy Corp.*, 944 So.2d 564, 579 (La. 2006).
[23] *See, Causer v. Ard*, Civ. A. No. 18-779, 2019 WL 3849155, *7 (M.D. La. Aug. 15, 2019); *Hanks*, 944 So.2d at 578; *Posecai v. Wal-Mart Stores, Inc.,* 752 So.2d 762, 765 (La. 1999).
Document Number: 58748

Defendant's motion calls into question whether Plaintiff can meet his burden of proving the breach element and the cause-in-fact or medical causation element. The Court first addresses the medical causation element.

   1.   **Medical Causation**

Defendant contends that summary judgment is warranted because there is an absence of proof of medical causation.[24] "Under Louisiana law, Plaintiff bears the burden of proving causation by a preponderance of the evidence."[25] "The test for determining the causal relationship between the alleged accident and subsequent injury is whether the plaintiff proves through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident."[26] "Furthermore, under Louisiana law, it is well-settled that expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge

Generally, courts have found that "soft tissue injuries" to the neck and/or back are conditions that are within common knowledge and do not require expert medical testimony regarding causation.[27] However, when multiple accidents, other possible causes of the injury, and/or other conditions "cast doubt" on the plaintiff's claims that the injuries were caused by accident at issue, then expert evidence is necessary.[28] Where the "entirety of the evidence … does not establish that the accident [at issue] more probably than not caused plaintiff's injuries, … expert testimony is necessary … to prove

---

[24] Rec. Doc. No. 19-1, pp. 2, 15.
[25] *Morris v. Orleans Parish School Bd.*, 553 So.2d 427, 430 (La. 1989).
[26] *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603 (La. 2/20/95), 650 So. 2d 757, 759 (citing *Mart v. Hill*, 505 So.2d 1120, 1128 (La. 1987); *Villavaso v. State Farm Mut. Auto. Ins. Co.*, 424 So.2d 536, 538 (La. App. 4th Cir. 1982)).
[27] *Cannet v. Franklin Pest Control Co.*, 08-56, p. 9 (La.App. 5th Cir. 4/29/08), 985 So.2d 270, 276.
[28] *Id.*

that [the] injuries were causally related to the accident at issue."[29] The need for expert medical testimony is not based on the severity of the injuries the plaintiff sustained, but upon whether expert medical testimony is needed to prove that it was more probable than not that the alleged injuries were caused by the accident at issue.[30]

In this case, Defendant argues that Plaintiff's discovery responses detail "an extensive history of prior auto accidents and other accidents that required medical treatment for injuries" similar to those that Plaintiff relates to the subject accident, "head, neck, right shoulder and arm" injuries.[31] Plaintiff does not dispute prior accidents and injuries[32] and concedes that because he "has previous medical issues . . . expert testimony identifying what injuries and/or exacerbations resulted from this accident is of extreme importance."[33]

The record evidence shows that Plaintiff first complained of severe pain to his neck, scapula, right shoulder, and right arm in mid-2014, which he rated as an 8/10-10/10 in severity;[34] an MRI of the right shoulder and cervical spine on September 3, 2014, revealed degenerative changes and muscular tears;[35] an MRI of the brain in November of 2014 was normal;[36] Plaintiff complained of headaches and pain into his mid-neck in

---

[29] *Avery v. Gramercy Ins. Co.*, 2013-1214 (La.App. 1 Cir. 3/24/14), 2014 WL 1203132, *5 (where only soft tissue injuries were involved; however, the plaintiff sustained two injuries to the lower back within a short period of time and her testimony about the earlier injury was inconsistent; expert testimony was necessary to prove causation and plaintiff was not entitled to a presumption of causation under *Housley v. Cerise*, 579 So.2d 973, 980 (La. 1991)).
[30] *Avery*, 2014 WL 1203132, *6 (citing *Maranto*, 650 So.2d 757).
[31] Rec. Doc. No. 19-1, p. 5 (citing Rec. Doc. No. 19-5, pp. 9-11, 24-25, 28-29).
[32] Rec. Doc. No. 19-5, pp. 9-11 (admitting to prior accidents and injuries)
[33] Rec. Doc. No. 23, pp. 5-6
[34] Rec. Doc. No. 19-6, pp. 4, 9.
[35] Rec. Doc. No. 19-7, pp. 2, 4.
[36] Rec. Doc. No. 19-8, p. 2.

November of 2015, rated at 8/10 in severity;[37] Plaintiff's neck pain increased in severity to 9/10 by mid-2016;[38] and five days before the subject accident, Plaintiff had neck pain rated at 10/10 in severity.[39] Because Plaintiff's medical complaints before and after the subject accident involve many the same anatomical structures, the question of medical causation will require expert medical testimony and is not a question discernable by common knowledge.

Defendant has come forward with medical opinion that Plaintiff's current conditions are "more likely than not preexisting degenerative conditions caused by normal aging as opposed to the alleged incident."[40] Having come forward with evidence that the plaintiff's complaints were not more probably than not caused by the subject accident, the burden shifts to the Plaintiff to show that there remain a material dispute on the element of medical causation. However, Plaintiff has not disclosed any expert on medical causation and has come forward with no countervailing evidence on medical causation.

In opposition to Defendant's motion, Plaintiff argues that he "properly identified all of his treating physicians," but admits that he "failed to provide the exact nature of those treating physicians' causation opinions."[41] Plaintiff continues by admitting that the testimony of Plaintiff's "treating physicians is extremely important" because Plaintiff "has previous medical issues and expert testimony identifying what injuries and/or exacerbations resulted from this accident is of extreme importance."[42] Plaintiff's proposed

---

[37] Rec. Doc. Nos. 19-9 and 19-10.
[38] Rec. Doc. No. 19-11.
[39] Rec. Doc. No. 19-12.
[40] Rec. Doc. No. 19-14, p. 3. Defendant retained an orthopedic and neurosurgical expert, Dr. Chambliss Harrod, to review Plaintiff's medical records and imaging and opine as to the cause of his current medical conditions and complaints. Rec. Doc. No. 19-1, p. 6.
[41] Rec. Doc. No. 23, p. 6.
[42] *Id.*

Document Number: 58748

Page 7 of 12

solution to "cure" this issue is to "continue this matter" to allow Defendant to depose Plaintiff's "treating physicians."[43] Plaintiff does not point to record evidence of his treating physicians' opinions related to causation or identify which of his treating physicians will offer testimony regarding causation at trial. Plaintiff does not challenge the Defendant's medical causation evidence in any way.

The Court finds that Plaintiff has failed to come forward with specific facts demonstrating a material issue of fact regarding the medical causation of Plaintiff's injuries. It is well-settled in Louisiana that expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge due to multiple accidents and/or other possible causes of the injuries.[44] Plaintiff sustained multiple injuries which may be due to prior accidents and degenerative conditions, and Defendant's medical expert opined that Plaintiff's complaints were caused by normal degenerative changes; therefore, it was necessary for Plaintiff to employ expert testimony in this case to prove that Plaintiff's injuries were causally related to the accident at issue. Plaintiff essentially admits that he failed to do this.

Plaintiff attempts to rely upon his discovery responses where he produced medical records and identified his treating physicians as sufficient evidence to survive summary judgment in this matter. Pointing to the Plaintiff's medical records is not enough to counter a medical opinion that causation is lacking. Plaintiff beseeches that this failure is "easily cured" by "continuing this matter" to allow Defendant to depose Plaintiff's treating

---

[43] *Id.*
[44] *Avery*, 2014 WL 1203132, *6 (citing *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603, 94-2615 (La. 2/20/95), 650 So.2d 757).

physicians.[45] This Court has addressed similar arguments in the recent past, concluding that a disclosure of medical records alone is insufficient to satisfy the standards of Rule 26(a)(2)(c) and that such a deficiency in disclosure is not "harmless."[46] This Court specifically rejected a continuance in a similar scenario due to this Court's "extremely congested docket" and the fact that the Plaintiff "offer[ed] no explanation, let alone a convincing one" as to the failure to make the proper disclosure. The same logic applies here, warranting the same outcome.

This Court has also previously granted summary judgment on the issue of medical causation in both *Talbot v. Electric Insurance Company*[47] and *Angelle v. Matthews*.[48] As set forth above, the plaintiff in *Talbot* was unable to meet his burden of proof on summary judgment because general disclosure of his treating physicians and their medical records was insufficient to meet the standards of Rule 26 and carry the plaintiff's burden of presenting necessary expert testimony regarding the cause of the plaintiff's injury. Similarly, in *Angelle*, the mere attachment of an autopsy report and an excerpt of medical records was insufficient summary judgment evidence to link the alleged negligent acts of

---

[45] Rec. Doc. No. 23, p. 6.
[46] *Talbot v. Electric Ins. Co.*, Civ. A. No. 17-299, 2018 WL 8223433, *4 (M.D. La. Nov. 19, 2018), *distinguished on other grounds by Smith v. Comack*, Civ. A. No. 18-1002, 2019 WL 6717021, *2 (M.D. La. Dec. 10, 2019). In *Talbot*, this Court employed the four-factor standard articulated by the United States Court of Appeals for the Fifth Circuit in *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)(citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990), and concluded that (1) simply providing medical records "months before" depositions were able to take place does not serve to avoid the required disclosure; (2) causation testimony is "highly important" to the trial; (3) the defendant is prejudiced by a general disclosure because the defendant does not know what the treating physicians' opinions are on the issues or the basis for same; and (4) even when a continuance is technically available, the Court's "extremely congested docket weighs against a continuance, and the fact that Plaintiff offers no explanation, let alone a convincing one, for his failure to provide proper disclosure, militates against the fairness of granting a continuance on this basis". *Talbot*, at *4. In a ruling eleven days later, this Court granted summary judgment in favor of the defendant because Plaintiff could not meet his burden of proof. *Talbot v. Electric Ins. Co.*, Civ. A. No. 17-299, 2018 WL 6274314 (M.D. La. Nov. 30, 2018).
[47] *Talbot*, 2018 WL 6274314.
[48] *Angelle v. Matthews*, No. 16-539-SDD-RLB, 2018 WL 1547348 (M.D. La. Mar. 29, 2018).

the defendant to the purported injuries suffered.[49]  The Court finds the instant matter similar to *Talbot* and *Angelle* and distinguishable to its prior rulings denying summary judgment.[50]

Here, not only has Plaintiff failed to follow the Federal Rules of Civil Procedure pertaining to expert witnesses, rendering his treating physicians as fact witnesses only, but he also has not shown which of his treating physicians are qualified to testify to causation and which medical records support this position.  Plaintiff has not presented any testimony that speaks to medical causation, that explains the medical records in the case record, or that refutes Defendant's expert's opinion.  As Defendant states in its reply, Plaintiff "recognizes that he has no medical experts to establish the medical causation of his alleged injuries";[51]  that Rule 37(c)(1) "dictates that when a plaintiff fails to comply with the applicable expert disclosure requirements … the plaintiff 'is not allowed to use that information or witness to supply evidence on a motion'";[52] that the disclosure of treating physicians in discovery responses is "irrelevant" because the responses do not encompass the information mandated by Rule 26;[53] that Plaintiff recognizes the importance of expert testimony due to the prior accidents at issue;[54] and Defendant would be prejudiced if it were required to "cross-examine medical causation expert(s) under

---

[49] *See also, Schilling v. La. Dept. of Transp. and Dev.*, Civ. A. No. 12-661, 2014 WL 3854619, *2 (M.D. La. Aug. 4, 2014)(where treating physicians' testimony on causation was found to be speculative and unreliable for summary judgment because the treating physicians were not designated experts and did not issue reports under Rule 26 and were therefore limited to testimony regarding treatment only).

[50] *See Berry v. Roberson*, Civ. A. No. 13-00145, 2014 WL 4373265 (M.D. La. Sept. 3, 2014) (where this Court denied summary judgment on the issue of medical causation).  In *Berry*, there was conflicting medical evidence in the record; whereas, in the matter presently before the Court, there is an absence of evidence, not a conflict of medical evidence.

[51] Rec. Doc. No. 27, p. 7.
[52] Rec. Doc. No. 27, pp. 7-8.
[53] Rec. Doc. No. 27, p. 8.
[54] *Id.*

Document Number: 58748

Page 10 of 12

these circumstances without having been provided complete expert disclosures."[55] The Court agrees with Defendant. By simply arguing that the treating physicians identified in discovery responses is sufficient to survive summary judgment, Plaintiff essentially discloses nothing to Defendant that will be helpful in preparation for trial and gives the Court nothing to evaluate on summary judgment.[56] Simply put, Plaintiff has not presented sufficient summary judgment evidence to link the alleged negligent acts of the Defendant to Plaintiff's alleged injuries.[57]

Accordingly, because Plaintiff has failed to come forward with sufficient evidence to demonstrate a material issue of fact as to medical causation, summary judgment on his claims of negligence adverse to Defendant is proper.

### 2. Breach of Duty

As stated above, Plaintiff has the burden of proving all elements of his negligence claim by a preponderance of the evidence in order to recover.[58] Since the Court has found that Plaintiff cannot meet his burden of proving the causation element of his negligence claim, his negligence claim as a whole must fail. It is, therefore, not necessary for the Court to consider the breach element of Plaintiff's negligence claim, and the Court declines to do so at this time.

---

[55] *Id.*
[56] For example, the Court is unable to determine whether Plaintiff's treating physicians are qualified or not to testify to causation at trial. *Angelle*, 2018 WL 1547348, at *4.
[57] *See also, James v. Lincoln General Ins. Co.*, Civ. A. No. 09-0727, 2011 WL 3610800 (W.D. La. Aug. 15, 2011)(where the plaintiff only offered the medical records and testimony of his treating physician in opposition to summary judgment; the court reviewed the testimony and concluded that the treating physician was not qualified to opine to causation; summary judgment granted).
[58] *See, Causer v. Ard*, Civ. A. No. 18-779, 2019 WL 3849155, *7 (M.D. La. Aug. 15, 2019); *Hanks*, 944 So.2d at 578; *Posecai v. Wal-Mart Stores, Inc.,* 752 So.2d 762, 765 (La. 1999).
Document Number: 58748

### III. CONCLUSION

For the reasons set forth above, Delta Air Lines, Inc.'s Motion for Summary Judgment is GRANTED. Plaintiff's claims of negligence against Defendant Delta Air Lines, Inc. are dismissed with prejudice. No claims remain pending; therefore, this matter is dismissed in its entirety.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana this 22nd day of January, 2020.

_____

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**